**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Somachai LIANGSIRIPRASERT,**
**Defendant—Appellant.**

No. 01–30051.

D.C. No. CR–98–00355–11–TSZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 1, 2002.

Decided May 2, 2002.

Before D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

### MEMORANDUM *

Appellant Somachai Liangsiriprasert ("Somachai") appeals his conviction for conspiracy to import and distribute marijuana, attempted importation of marijuana, and aiding and abetting the posses-

* This disposition is not appropriate for publication and may not be cited to or by the courts

sion of marijuana on board a vessel within the jurisdiction of the United States with the intent to distribute. 18 U.S.C. § 2; 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(G), 963; 46 U.S.C.App. § 1903(a). Somachai, a citizen of Thailand, argues that because he did not know the vessel carrying marijuana was bound for the United States, due process prohibits his prosecution for violation of United States drug laws. Somachai further argues that even if there is a sufficient nexus to allow his prosecution under U.S. drug laws, his conviction must be reversed because the district court erroneously (1) excluded from evidence those portions of his post-arrest statement in which he said he believed the marijuana was bound for Canada, not the United States, and (2) denied his motion for a continuance to retain new counsel. We affirm.

Although the district court failed to make the requisite determination that there was a jurisdictional nexus between Somachai's conduct and the United States, *United States v. Davis*, 905 F.2d 245, 248 (9th Cir.1990), the evidence presented at trial demonstrates that a sufficient jurisdictional nexus exists. One of Somachai's co-conspirators, Robert Welch, testified that Somachai knew the marijuana was bound for the United States. In addition, at the time of Somachai's initial discussions with his co-conspirators in New York, co-conspirator Gregory Antonakos assured Somachai that Antonakos had friends with a distribution capacity in New York. Although Somachai never left Thailand, he had substantial contact with his American co-conspirators, and helped them purchase the marijuana that was on board the vessel when it was seized within United States territorial waters. Finally, Welch, Antonakos, and Arthur Torsone all testified

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that the plan was to distribute the marijuana in New York, as well as in other places. Thus, we conclude that the exercise of jurisdiction by the United States over Somachai does not violate his right to due process. *United States v. Klimavicius–Viloria,* 144 F.3d 1249, 1257 (9th Cir. 1998) ("There is sufficient nexus where an attempted transaction is aimed at causing criminal acts within the United States. More specifically, there is sufficient nexus where the plan for shipping the drugs was likely to have effects in the United States.") (internal quotation marks and citation omitted).

■ We further conclude that the district did not err in admitting the inculpatory portions of Somachai's post-arrest statement into evidence while excluding the exculpatory portions. Somachai's assertion to DEA agents that he believed the vessel carrying the marijuana was bound for Canada, rather than the United States, was not made under such circumstances as to render it particularly trustworthy as a statement against penal interest, and thus the assertion was inadmissible hearsay. Fed.R.Evid. 804(b)(3); *United States v. Paguio,* 114 F.3d 928, 932 (9th Cir.1997). The trial court's exclusion of Somachai's exculpatory assertion from his statement did not unfairly distort the statement's meaning, nor was the exclusion of the assertion so severe as to violate Somachai's rights either to confrontation or to present a defense. *United States v. Ortega,* 203 F.3d 675, 682–83 (9th Cir.2000).

■ Finally, we conclude that the district court did not abuse its discretion in denying Somachai's motion for a continuance, made on the morning of trial, to permit him to retain new counsel. *United States v. Nguyen,* 262 F.3d 998, 1002 (9th Cir.2001). The district court found that Somachai's request was not in good faith, and that any lack of communication be-

tween Somachai and his counsel did not constitute an irreconcilable conflict of interest, but instead was caused solely by Somachai's manipulative desire to once again delay trial. Somachai's counsel was well-qualified and prepared to go to trial. The district court also granted a one-day recess between jury selection and opening statements to allow time for pre-trial consultation. Somachai's motion for a continuance was properly denied.

AFFIRMED.