**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Eber Jesus VEGA, Defendant—
Appellant.**

**No. 03–30189.**

**D.C. No. CR–01–00333–BR.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Decided Oct. 5, 2004.

Jennifer Martin, Portland, OR, for Plaintiff–Appellee.

Matthew D. Longtin, Eugene, OR, for Defendant–Appellant.

Before WALLACE, GOULD, and BERZON, Circuit Judges.

## MEMORANDUM*

Eber Jesus Vega ("Vega") appeals his conviction for (1) "knowingly and intentionally distribut[ing] a mixture or substance containing cocaine," and (2) "knowingly and intentionally distribut[ing] more than 500 grams of a mixture or substance containing cocaine." The focus of this appeal is whether the district court's denial of Vega's motion for substitution of counsel should be disturbed.

We review the district court's refusal to substitute counsel for abuse of discretion. *United States v. Prime*, 363 F.3d 1028, 1035 (9th Cir.2004).[1] As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition. We affirm the district court's denial of Vega's motion for substitution of counsel.[2]

We must consider at least three factors to determine whether the district court abused its discretion in denying Vega's motion. They include: (1) timeliness, (2) the adequacy of the district court's inquiry, and (3) the degree of communication breakdown between Vega and his attorney. *See United States v. Smith*, 282 F.3d 758, 763–64 (9th Cir.2002); *United States v. Corona–Garcia*, 210 F.3d 973, 976–77 (9th Cir.2000). Vega conceded in his brief to this court that the district court conducted an adequate inquiry; thus, we consider only two factors.

█ Vega did not suffer from a significant "communication breakdown," *Prime*, 363 F.3d at 1036, with his counsel, Price. Determining whether there was such a breakdown requires consideration of the nature and extent of the conflict between a defendant and his attorney. *See Smith*, 282 F.3d at 763; *Corona–Garcia*, 210 F.3d at 977. In particular, we must consider the "appointed counsel's responses and conduct," *United States v. Adelzo–Gonzalez*, 268 F.3d 772, 779 (9th Cir.2001), and whether the "appointed counsel was ... acting in [Vega's] interest." *Id.* Cases in which we have found a significant breakdown in the attorney-client relationship have been marked by, for example, "a complete communications breakdown," *United States v. Nguyen*, 262 F.3d 998, 1005 (9th Cir.2001), an attorney's "open opposition" that left the defendant "effectively unrepresented," *Adelzo–Gonzalez*, 268 F.3d at 779, and "an atmosphere of mistrust, misgivings and irreconcilable differences." *Moore*, 159 F.3d at 1159.

As compared to those cases, there is no indication that Vega suffered from an ex-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir.1998), indicates that we review de novo a challenge to the district court's inquiry into whether "an irreconcilable conflict" existed between Vega and his counsel. We consider the same factors for the irreconcilable conflict inquiry as for review of a district court's ruling on a motion for substitution of counsel. *See id.* Any tension on the standard of review question between *Moore* and substitution of counsel cases such as *Prime* is of no consequence in this case, as either standard of review yields the same result.

2. To the extent that Vega's citation to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), in his opening brief may be construed as an argument that the district court erroneously denied a request for self-representation, we reject it. In general, " '[a] criminal defendant's assertion of his right to self-representation must be timely and not for purposes of delay; it must also be unequivocal, as well as voluntary and intelligent.' " *United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir.2001) (quoting *United States v. Hernandez*, 203 F.3d 614, 620 (9th Cir.2000)). Vega never made any statement before the district court expressly indicating that he wanted to represent himself, let alone an unequivocal one.

tensive conflict with Price. The only problem that Vega brought to the district court's attention was Price's failure to provide him with Spanish translations of relevant discovery materials. Price informed the court, however, that all of the materials had been read to Vega in Spanish, and that he expected the printed versions to be made available to Vega that day. We conclude, therefore, that there was not a complete breakdown of communication between Vega and Price.

Nor does the timeliness analysis favor Vega's position. This inquiry turns, at least in part, on whether granting the motion for substitution of counsel "would [have] cause[d] inconvenience and delay, both to the court and the prosecution." *Corona–Garcia*, 210 F.3d at 977; *see also Nguyen*, 262 F.3d at 1004. A motion submitted on the day trial is to begin is generally untimely, as granting it would undoubtedly cause both inconvenience and delay to the court and prosecution, who have set aside the trial date and prepared to go forward. That fact, however, is not always dispositive in the timeliness analysis as "the court must make a balancing determination, carefully weighing the resulting inconvenience and delay against the defendant's important constitutional right to counsel of his choice." *Adelzo–Gonzalez*, 268 F.3d at 780 (citation and internal quotation marks omitted).

Such balancing does not favor Vega, because of his limited conflict with Price and the indications that his complaints would be remedied shortly. Further, there is no evidence that Vega made an attempt to contact the court before the day trial began, either during previous court appearances with his attorney or through an external method, such as mail, regarding his

concern about obtaining translations of the discovery material. We conclude, therefore, that Vega's motion was untimely.

AFFIRMED.