FILED

SEP 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30261 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00096-JDS-1 |
| v. | |
| JAMES W. WATSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Submitted August 30, 2011[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

James W. Watson appeals the judgment of conviction and his sentence for

felony possession of a firearm. Watson raises as error the district court's denial of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

two motions to withdraw by his appointed counsel and argues the district court committed procedural error during sentencing. We affirm.

Watson argues that the district court abused its discretion by denying counsel's motions to withdraw. The district court did not abuse its discretion in denying the motions based on the expansive record before it, including the transcript of an earlier hearing at which Watson withdrew his prior motion to represent himself and letters from Watson to the court, his attorney's supervisor, and the prosecution detailing the difficulties in the attorney-client relationship. The district court's conclusion that the breakdown in the relationship did not necessitate substitution of counsel was warranted on the record before it, even if holding a hearing would have been preferable. See United States v. Smith, 282 F.3d 758, 764 (9th Cir. 2002) ("[U]nder certain circumstances, . . . the failure to conduct a hearing is not *by itself* an abuse of discretion."). Although troubled, the attorney-client relationship did not suffer from complete breakdown. Cf. United States v. Nguyen, 262 F.3d 998, 1004-05 (9th Cir. 2001) ("[A] complete lack of communication constitutes sufficient conflict to warrant the substitution of new counsel.").

Watson also argues that the district court committed reversible procedural error by inadequately considering the factors listed in 18 U.S.C. § 3553(a) in

2

imposing Watson's 46-month, high-end guidelines sentence. Although additional development of the record explaining the sentence may have been useful, the district court cited 18 U.S.C. § 3553(a), the guidelines, and the Sentencing Commission's policy statements. These references were sufficient in light of the record as a whole. See United States v. Valencia-Barragan, 608 F.3d 1103, 1108 (9th Cir. 2010) ("[A] sentencing judge does not abuse his discretion when he listens to the defendant's arguments and then simply [finds the] circumstances insufficient to warrant a sentence lower than the Guidelines range." (internal quotation marks and citation omitted)).

**AFFIRMED.**