UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50304 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-0056-RGK-1 Central District of California, Los Angeles |
| v. | |
| GUILLERMO ELOY ALAMOS, | ORDER |
| Defendant-Appellant. | |

Before: PREGERSON and D.W. NELSON, Circuit Judges, and LYNN, District Judge.[*]

Appellant's motion for leave to file reply to opposition to petition for panel rehearing is DENIED.

Appellant's Petition for Panel Rehearing is GRANTED. The memorandum disposition filed January 19, 2012 is withdrawn. A new Memorandum Disposition shall be filed simultaneously with this order.

---

[*] The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for Northern Texas, Dallas, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50304 |
| Plaintiff - Appellee, | D.C. No. 2:10-CR-0056-RGK-1 |
| v. | |
| GUILLERMO ELOY ALAMOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 11, 2011
Pasadena, California

Before: PREGERSON and D.W. NELSON, Circuit Judges, and LYNN, District Judge.[**]

Guillermo Eloy Alamos appeals his conviction and the district court's denial of his motions to substitute counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for Northern Texas, Dallas, sitting by designation.

A district court's denial of a motion to substitute counsel is reviewed for abuse of discretion. *United States v. Lindsey*, 634 F. 3d 541, 554 (9th Cir. 2011). When reviewing whether a district court abused its discretion in denying a motion to substitute counsel, we consider three factors: (1) the adequacy of the inquiry into the defendant's complaint, (2) the extent of the conflict between the defendant and trial counsel, and (3) the timeliness of the motion and the extent of resulting inconvenience and delay. *United States v. McKenna*, 327 F.3d 830, 843 (9th Cir. 2003).

For an inquiry regarding a motion to substitute counsel to be sufficient, "the trial court should question the attorney or defendant 'privately and in depth.'" *United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2001) (quoting *United States v. Moore*, 159 F.3d 1154, 1160 (9th Cir. 1998)). Further, the district court "must conduct such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern. . . . and give the court a sufficient basis for reaching an informed decision." *United States v. Reyes-Bosque*, 596 F.3d 1017, 1033 (9th Cir. 2010) (citations omitted).

Here, the district court conducted two hearings in response to Alamos's requests to substitute trial counsel. The trial court did not conduct during either hearing an inquiry that provided a sufficient basis for it to reach an informed

2

decision. Despite Alamos stating that counsel was lying to him and that he and counsel lacked communication and were not getting along, the district court did not inquire as to what Alamos meant by these statements and did not ask any specific questions about the nature of Alamos's concerns. Rather, the district court explained to Alamos the obligations and role of his attorney and the Assistant United States Attorney, and then assumed, but did not confirm, that the conflict was only a result of Alamos wanting a better deal than the "fast track" offer that he rejected. *Cf. United States v. Prime*, 431 F.3d 1147, 1155 (9th Cir. 2005) (finding adequate inquiry where district court confirmed the extent of the conflict by asking defendant if he agreed with the court's summary of his position).

It does not suffice that at the second hearing the district court asked Alamos "[W]hy don't you tell me what happened since the last time we met?" and "[W]hat would you like to have [your attorney] tell you?" because such open-ended questions make it difficult to ascertain the extent of the conflict and place an unfair onus on the defendant. *See United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777–78 (9th Cir. 2001) (finding "in most circumstances a court can only ascertain the extent of a breakdown in communication by asking specific and targeted questions"). As to the single question Alamos asked his own counsel, "Am I right,

3

John? Did you say that to me?" counsel curiously invoked the attorney-client privilege against his own client, and the court did not follow-up.

Accordingly, we find that the district court did not sufficiently inquire into Alamos's concerns, and the lack of inquiry makes it impossible to discern the extent of the conflict between Alamos and his counsel. Since Alamos sought to substitute appointed counsel, the denial of his substitution motion did not violate his Sixth Amendment right to counsel unless the conflict actually prevented an adequate defense. *See Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc). As a result, we remand to the district court for a hearing on the extent of the conflict between Alamos and his counsel. *See United States v. Musa*, 220 F.3d 1096, 1103 (9th Cir. 2000). If the district court finds that the conflict resulted in a constructive denial of counsel or actually prejudiced Alamos at trial or at sentencing, it shall vacate Alamos's conviction and sentence, order a new trial, and appoint new counsel; if not, then Alamos may appeal the district court's ruling following the conclusion of the remand proceedings.

We **REMAND** for further proceedings consistent with this disposition.