UNITED STATES of America,
Plaintiff–Appellee,

v.

Trung Tran NGUYEN, Defendant–
Appellant.

No. 00–10272.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 12, 2000 *

Filed Aug. 28, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Howard Trapp, Howard Trapp Inc., Hagatna, Guam, for the defendant-appellant.

Frederick A. Black, U.S. Attorney, Districts of Guam and NMI, for the plaintiff-appellee.

Before: WRIGHT, CHOY, and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Trung Tran Nguyen (Nguyen) was convicted by a jury of three methamphetamine offenses, in violation of 21 U.S.C. §§ 963, 960, 952(a), 841(a)(1), 846 and 18 U.S.C. § 2. We hold that Nguyen was denied his Sixth Amendment right to counsel and we reverse the judgment of the District Court.

## I.

At the pretrial conference, Anthony Camacho, a private defense attorney, informed the District Judge that Nguyen's family had attempted to retain him to replace Nguyen's public defender. Camacho stated that he had just learned that the trial was set for that day, and therefore

that his firm could not take the case. Camacho explained that he did not know about the trial date previously because he had "great difficulty communicating with Mr. Nguyen and Mr. Nguyen's family members; they're Vietnamese, they do not speak English. There's no one in our law firm that speaks Vietnamese." The District Judge replied,

[w]ell, I had been advised that the defendant or his family was endeavoring to hire private counsel, and in a situation like that—I have had this occur before, on the eve of trial—if you were coming in the case, I would say fine, welcome, but we're not delaying the trial. The public defender will remain in the case and you would be welcome to come in as associate counsel.

Camacho again confirmed that he would not be representing Nguyen.

Nguyen was not present at the conference, nor was he consulted about his reasons for wanting a different attorney. Neither the judge nor the public defender informed Nguyen about the meeting. That afternoon, the parties began selecting the jury.

During the jury selection, Nguyen's public defender informed the Court at sidebar that Nguyen wanted a new attorney. When the District Judge asked Nguyen to explain his request, Nguyen complained that the public defender was not representing him adequately, was rude to him, and almost never sat down and talked to him about his case. The District Judge then asked the public defender if he had anything to add. The attorney claimed that prison visiting records would show that he had been there six or seven times, for twenty to thirty minute periods. He also stated that he would never leave a visit without asking whether Nguyen had any more questions. He confirmed that he was prepared to go to trial. The District

Judge denied Nguyen's request without explanation.

Nguyen then informed the District Court that his family had been trying to retain private counsel and that he did not understand why the private attorney had not arrived. The Court explained:

there was a lawyer here this morning, and he—I advised him that if he was retained by you, he could come in as additional counsel to help. But he was unaware until he learned today that this case was scheduled for trial beginning now, and he elected not to represent you. You have good representation in the public defender here.

Nguyen again complained:

I have the feeling [my public defender] is not really helping me through my case. You know, I have witnesses, you know, seen the way [he] talk to me about my case. Just walk in and out and see me, you know. You know, my case is, you know, bad and everything, he just walk out, he not really sitting down and talk to me about my case.

The District Judge again denied Nguyen's request without further explanation.

The public defender then informed the Court that "I have never had this situation before," and that Nguyen "is basically kind of in this passive-aggressive mode and I just can't get anything out of him." The District Judge responded that he did not want to keep the jurors waiting, and then stated, "[Nguyen] doesn't have to be in the courtroom, does he?" The public defender replied "right, I know, but I mean, he just won't talk to me anymore." The Court instructed the attorney "well, if he doesn't talk to you, do the best you can." The following conversation ensued:

Public Defender: I would like to give him a chance to get his own attorney, but I just don't—yeah, I just don't know if that, or when that's happening. I

mean, I've just never had a situation where the client will not talk to me.

Court: Do the best you can.

Public Defender: Uh-huh.

Court: I didn't travel halfway around the world to continue this trial.

Public Defender: Indeed. That doesn't surprise me.

Court: In fact, I mean that's not what the point is. I mean, there's been nothing shown to me that he is not going to get a fair trial, nothing shown to me that he does not have the assistance of effective counsel. And just that he goes on a strike, so to speak, isn't grounds to continue the case or anything else.

The parties then continued with the jury selection.

After the jury selection, Nguyen's attorney gave the District Judge a note from Nguyen, which read:

Dear Sir: I am writing intra-memo requesting for your honorable help in granting me the dismissal of my attorney. The reason for my asking is that I have found from conversations and the lack of contact with my attorney, that he has accused me of my charges and already judged me guilty. My attorney has placed imminent menace upon me. Fearing that I will not be given the full representation by him (attorney), with an attitude of prejudging me before even being given an opportunity for a fair trial, please Your Honor, grant me this request. The Constitution of the United States is the best in the land, and [I] base my request from it. Thank you.

The District Judge concluded, "he again is saying nothing specific. But I think you can tell him that a little later today sometime, out of the presence of the jury, I will again visit with him on the record."

After the trial had begun, Nguyen asked, "Your Honor, may I say something to you?" The Court replied "No. Not at this point." After a brief pause in which the public defender spoke with Nguyen, Nguyen again interjected, "Your Honor, my attorney...." The Judge called a sidebar, in which Nguyen's attorney explained that Nguyen wanted to stand and speak to the Judge in open court. The Judge again explained to Nguyen that they would discuss the matter later in the day. The trial proceeded.

When the District Judge later gave Nguyen permission to make his complaint, Nguyen again stated that he wanted a new lawyer, that his lawyer was not treating him properly, and that he had the feeling that he was being forced to go to trial. The District Judge responded, "Well, yes, your case is scheduled for trial and we are trying it. We discussed this yesterday, I believe. I am not at all satisfied that your lawyer is not representing you well, and your request to replace him again is denied." He then added that if there was a problem, Nguyen could appeal on the basis of ineffective assistance of counsel. He further added that Nguyen's attorney was "an experienced and able defense lawyer.... And the Federal Public Defenders provide very good representation to defendants." He concluded, "we're going ahead with this trial. I'm totally comfortable with [the public defender] representing you; he's doing a good job as far as I'm concerned."

The trial continued. Nguyen was ultimately convicted and sentenced to three concurrent 213 month prison terms and five years of supervised release.

## II.

The District Court's denial of Nguyen's request can be analyzed either as the denial of a continuance or as the denial of a motion to substitute counsel. A District Court's primary reasons for not allowing a defendant new counsel may determine

which analysis to apply. *See United States v. Garrett,* 179 F.3d 1143, 1146, n. 1 (9th Cir.1999). While no formal motion for continuance was made, the District Judge commented to Camacho that "if you were coming in the case, I would say fine, welcome, but we're not delaying the trial," and remarked that Nguyen's problems with his attorney did not constitute "grounds to continue the case or anything else." This suggests that we should apply the standards for the denial of a continuance. However, Nguyen consistently asked for a new attorney and not specifically for a continuance, and the District Judge also commented that Nguyen's request "to replace" his attorney was denied. Therefore, we will consider the denial under both standards.

### A.

■ This Court reviews the denial of a continuance for abuse of discretion. *Garrett,* 179 F.3d at 1144–45 (9th Cir. 1999). The District Court abused its discretion when it (1) failed to create an adequate record to support its denial of the continuance; (2) failed to display adequate concern for Nguyen's understanding of and participation in the trial; and (3) provided improper reasons for denying the continuance. Here, the District Judge had apparently made up his mind that he was not going to grant a continuance without even hearing from the defendant. In fact, he decided this at a meeting that the Defendant did not even attend. Due process is violated when fundamental constitutional rights are so decided.

In *Garrett,* this Court noted that "[w]hen denying a continuance, especially one that arguably implicates the defendant's right to counsel, the district court should summarize in the record its reasons for the denial." *Id.* at 1147. This was not done here. Instead, in the face of Nguyen's persistent complaints that he did not trust his attorney, and the attorney's own acknowledgment that attorney-client communications had broken down completely, the Court repeatedly denied the request without explanation, simply repeating "your request is denied," and urging the defense attorney to "do the best you can."

■ In the absence of a sufficient summary on the record, this Court affirms the denial of a continuance only if the district court displays adequate care and concern for the defendant's rights. For example, in *Garrett,* 179 F.3d 1143, the District Court denied the defendant's request for a continuance without summarizing its reasons in the record. We affirmed the judgment because the record clearly reflected the District Court's concern for the defendant. The District Court in that case had: granted a previous continuance for the defendant and his attorney to work out their differences, allowed the defendant to withdraw his plea, held a status hearing regarding the public defender, granted the defendant's motion to relieve the public defender, held two detailed hearings on the defendant's request to proceed pro se, appointed another attorney for the defendant, and warned the defendant that he might not be permitted to substitute retained counsel if the substitution would require a continuance. *Id.* at 1145–56. We concluded:

> given the care that the district court took over a year long period to ensure that Garrett understood the consequences of each critical decision that he made, and given the concern for Garrett's right to counsel that the court demonstrated, we cannot say that the district court failed to act within its broad discretion in denying Garrett's motion for a continuance on the eve of the trial.

*Id.* at 1147. As a result, we affirmed the trial court.

The District Court in Nguyen's case displayed nothing even approaching the requisite concern and understanding of the defendant's Sixth Amendment rights. Instead, the District Judge concluded that he would not continue the trial at a pretrial meeting that Nguyen did not attend or even know about, and then refused to grant Nguyen a full hearing on the issue. Apparently, Nguyen did not find out about the pretrial meeting until later that day when he informed the Judge that, "Your Honor, it's like this, because right now my family is getting ready for me to, you know, hire me a private lawyers, you know, and you know, he's supposed to come in today but I don't know why he doesn't come in." Only then did the Judge inform Nguyen of the meeting earlier that morning and explain why the private attorney had not appeared. Moreover, while the District Judge did ask Nguyen to explain his request, he made no significant efforts to inquire into the nature of the problem. Despite the District Judge's awareness that there might be cultural and linguistic barriers to communication between Nguyen and his attorney, and despite Nguyen's obvious frustration, the District Judge simply focused on whether Nguyen and his attorney had spoken at all, and if so, how many times. This falls far short of the "care that the district court took over a year long period to ensure that Garrett understood the consequences of each critical decision that he made." *Id.*[1]

▬ In addition to failing to make sufficient findings for the record and denying the continuance without a hearing, the District Judge also gave improper reasons for denying the request. First, the Judge,

who was sitting in Guam by designation, made reference to his own schedule, noting, "I didn't travel halfway around the world to continue this trial." Generally, district judges do have broad latitude to deny a motion for substitution of counsel on the eve of trial when the request would require a continuance. *United States v. Castro*, 972 F.2d 1107, 1109 (9th Cir.1992). However, this discretion must be balanced against the defendant's Sixth Amendment right to counsel. We have previously criticized a trial judge who seemed "above all to be determined not to disturb [the court's] trial schedule." *United States v. Moore*, 159 F.3d 1154, 1160 (9th Cir.1998). In fact, an "unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (citation omitted). In light of the compelling argument for continuing the case, the District Judge in Nguyen's case improperly emphasized his own schedule at the expense of Nguyen's Sixth Amendment rights.

▬ Second, the District Judge focused exclusively on the attorney's competence and refused to consider the relationship between Nguyen and his attorney. Even if present counsel is competent, a serious breakdown in communications can result in an inadequate defense. *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir.2000) (*cert. denied, Musa v. U.S.*, 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 469 ( 2000)). Similarly, a defendant is denied his Sixth Amendment right to counsel when he is "forced into a trial with the assistance of a particular lawyer with

---

1. The Judge's comment during jury selection, that Nguyen "doesn't have to be in the courtroom, does he?" further underscores the Court's lack of care for the defendant's involvement in and understanding of the trial. *See Gomez v. United States*, 490 U.S. 858, 873,

109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) (holding that defendants have a right to be present at voir dire); *United States v. Camacho*, 955 F.2d 950, 952–53 (4th Cir.1992) (stating that this right extends to the exercise of peremptory challenges).

whom he [is] dissatisfied, with whom he [will] not cooperate, and with whom he [will] not, in any manner whatsoever, communicate." *Brown v. Craven,* 424 F.2d 1166, 1169 (9th Cir.1970).

There is no question in this case that there was a complete breakdown in the attorney-client relationship. By the time of trial, the defense attorney had acknowledged to the Court that Nguyen "just won't talk to me anymore." In light of the conflict, Nguyen could not confer with his counsel about trial strategy or additional evidence, or even receive explanations of the proceedings. In essence, he was "left to fend for himself," *United States v. Gonzalez,* 113 F.3d 1026, 1029 (9th Cir.1997), in violation of his Sixth Amendment right to assistance of counsel. Nonetheless, the District Judge ignored the problems between Nguyen and his attorney, commenting that Nguyen's "strike" was not ground for a continuance, explaining to Nguyen that "the Federal Public Defenders provide very good representation to defendants," and remarking that he was "totally comfortable" with the public defender representing Nguyen. The issue in this case is the attorney-client relationship and not the comfort of the court or the competency of the attorney.

Finally, the District Judge commented that any problems with his decision not to grant a continuance for the substitution of counsel could be remedied on appeal by a challenge regarding the effective assistance of counsel. For a judge to maintain that the only solution to an attorney-client conflict is an appeal based on ineffective assistance is destructive of fundamental due process. By incorrectly limiting the defendant's arguments, the suggestion risks undermining the defendant's rights on appeal and on retrial after an appeal. *See Taylor v. Reno,* 164 F.3d 440, 446 (9th Cir.1998) (addressing, but rejecting on the facts, the argument that the judge's com-

ments might violate due process by lulling the defendant out of pursuing a particular challenge).

For these reasons, the District Court abused its discretion in denying a reasonable continuance for a substitute counsel to prepare for trial.

### B.

■ Under the standards for denying a motion to substitute counsel, the District Court also erred. We review the denial of a motion for substitution of counsel for abuse of discretion. *United States v. Corona–Garcia,* 210 F.3d 973, 976 (9th Cir.2000), *cert. denied,* 531 U.S. 898, 121 S.Ct. 231, 148 L.Ed.2d 165 (2000). In reviewing a denial of substitution of counsel, we consider (1) the timeliness of the motion; (2) the adequacy of the trial court's inquiry; and (3) the extent of conflict created. *Id.*

■ With regard to timeliness, as mentioned above, the District Judge failed to adequately balance Nguyen's Sixth Amendment rights against any inconvenience and delay from granting the continuance. *Moore,* 159 F.3d at 1160. In fact, the District Judge does not even appear to have considered the length of delay that would have been necessary to substitute a new attorney. The mere fact that the jury pool was ready for selection or even that the jury was ready for trial does not automatically outweigh Nguyen's Sixth Amendment right.

■ The District Judge also failed to conduct a sufficient inquiry into Nguyen's request. For an inquiry regarding substitution of counsel to be sufficient, the trial court should question the attorney or defendant "privately and in depth," *Moore,* 159 F.3d at 1160, and examine available witnesses, *Gonzalez,* 113 F.3d at 1028. The District Judge did neither here. Al-

though Nguyen persisted in his complaint and said he had witnesses to support his claims, the Judge asked Nguyen and his attorney only a few cursory questions, did not question them privately, and did not interview any witnesses.

■ In assessing the adequacy of the inquiry, this Court may also look to whether the trial judge considered the length of continuance needed for a new attorney to prepare, the degree of inconvenience the delay would cause, and why the motion to substitute counsel was not made earlier. *United States v. D'Amore*, 56 F.3d 1202, 1205 (9th Cir.1995) (*overruled on other grounds by Garrett*, 179 F.3d 1143). The District Judge failed to ask these questions in Nguyen's case. As a result, the inquiry was inadequate.

■ The severity of the conflict also weighed in favor of Nguyen's motion to substitute counsel. As discussed above, even Nguyen's attorney acknowledged the complete communications breakdown between himself and his client. Whether or not the District Court played a role in creating the lawyer-client tension, a complete lack of communication constitutes sufficient conflict to warrant the substitution of new counsel. *Moore*, 159 F.3d at 1159–60.

The District Judge's refusal to grant a continuance, his failure to adequately explain his decision on the record, and his denial of the motion to substitute counsel violated Nguyen's Sixth Amendment right to counsel. The judgment of conviction is REVERSED.