UNITED STATES of America, Plaintiff–Appellee,

v.

Michael Anthony BLISS, Defendant–Appellant.

No. 98–55578.

D.C. No. CV–97–01823–R CR–91–00343–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Oct. 12, 2001.

Before B. FLETCHER, T.G. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Michael Anthony Bliss appeals the district court's judgment dismissing his habeas corpus petition under 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We remand for an evidentiary hearing or hearings.

## CERTIFICATE OF APPEALABILITY

Bliss appeals the district court's denial of his habeas corpus petition. The district court denied his request for a Certificate of Appealability (COA), but this court granted his COA request in regard to the issue of whether Bliss was denied effective assistance of counsel at his sentencing hearing. Bliss moved for a broader COA. We grant the motion as to the following issue: "Was Bliss denied effective assistance of counsel prior to or at the time of the entry of his guilty plea?"

## DISCUSSION

### A. THE PLEA

Bliss pleaded guilty on the day his trial was to begin. He later sent the court a letter in which he asked to withdraw his plea and alleged nine deficiencies in the representation of his trial counsel, Drew Edwards. The district court considered Bliss's motion and the allegations at the sentencing hearing.

Edwards answered Bliss's allegations, but only in general terms, and did not respond in detail to Bliss's claims of lack of preparation and lack of effort. Edwards simply said he

> continued to prepare the case right up until the date of trial .... In regard to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

any motions that I may or may not have filed, I simply believe I considered the merits of each possible motion and it was my legal judgment that no motions were appropriate to file in this case, Your Honor.

■ This was not a sufficient response to Bliss's specific complaints, among them the troubling allegation that Edwards had not even acquired the transcript of Bliss's state court suppression hearing or interviewed the witnesses who testified at that hearing. Nor is the fact that Bliss may have declined to meet with counsel until shortly before trial dispositive; counsel still had the responsibility to prepare for trial, and to seek a continuance if time was too short. Issues of fact concerning the adequacy of Bliss's counsel's representation prior to the entry of Bliss's plea thus remain to be resolved. An evidentiary hearing is necessary to determine the validity of Bliss's claim that he pleaded guilty because of Edwards' ineffective representation and the district court's refusal to grant a continuance left Bliss with little or no choice other than to plead guilty.[1]

## B. SENTENCING

When the district court considered Bliss's motion to withdraw his plea at the sentencing hearing, Bliss and Edwards openly disagreed about specific aspects of Edwards' representation. For example, Bliss and Edwards disputed whether Edwards had even discussed the case with Bliss. Bliss claimed Edwards had not come to see him; Edwards responded that he came but Bliss would not see him.

■ The court denied Bliss's motion to withdraw his plea. Bliss then presented argument about the sentence itself. Edwards made no statement on Bliss's behalf. The extent of the conflict between Ed-

wards and Bliss at the sentencing hearing, in regard to Bliss's allegations of Edwards' ineffective assistance and to Edwards' silence when Bliss presented his sentencing argument, are enough to raise a factual question about whether Bliss received effective assistance of counsel at his sentencing.[2] An evidentiary hearing is necessary to resolve this question.

The case is remanded to the district court to determine the remaining issues of fact with regard to: (1) whether Bliss received ineffective assistance of counsel prior to and at the time of the entry of his plea of guilty; and (2) if the district court determines that Bliss received effective assistance of counsel in regard to his guilty plea, whether Bliss received ineffective assistance of counsel at the sentencing hearing. At the conclusion of the evidentiary hearing or hearings necessitated by our decision, the district court shall enter findings of fact, conclusions of law, and such orders as may be appropriate, including, without limitation, vacating the judgment of conviction.

REMANDED for further proceedings.

---

1. *See United States v. Hernandez,* 203 F.3d 614, 626 (9th Cir.2000).

2. *See United States v. Nguyen,* 262 F.3d 998, 1004–05 (9th Cir.2001).