UNITED STATES of America, Plaintiff—Appellee,

v.

Bernardo VELARDE–LOPEZ, aka Bernardo Velarde–Lopez, Defendant—Appellant.

No. 01–10401.

D.C. No. CR–98–00788–JMR–02.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 19, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before FERGUSON, BRUNETTI and TASHIMA, Circuit Judges.

## MEMORANDUM**

Bernardo Velarde–Lopez appeals his conviction for conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1); possession of a firearm during a drug trafficking crime in which murder results, in violation of 18 U.S.C. §§ 924(c)(1), 924(j)(1); first degree murder of a law enforcement agent while engaged in his official duties, in violation of 18 U.S.C. §§ 1111, 1114; and the intentional killing of a federal officer engaged in his official duties during the commission and in furtherance of a felony drug crime, in violation of 21 U.S.C. § 848(e)(1)(B). These charges arose from Velarde–Lopez's participation in the shooting of a federal officer while smuggling marijuana into the United States. Appellant challenges his conviction on four different grounds. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

Velarde–Lopez first argues that his confession was not voluntary, rather it was a product of coercion applied against him by the Mexican police, and therefore should not have been admitted at trial. He then alleges that his post-arrest statements were made in violation of his *Miranda* rights because his waiver was not voluntary. Next, appellant argues that the dis-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trict court erred by denying his motion to continue the trial based on needed further investigation of witnesses disclosed by the government. Finally, Velarde–Lopez contends that he was denied the ability to present an adequate defense and deprived of due process of law because the district court erred by permitting the testimony of two witnesses, both of whom were not on the government's witness list. We affirm the district court on all issues raised by this appeal.

## I

■ Velarde–Lopez's first argument fails because the district court determined that there was not coercion applied against him by the Mexican police.[1] This court reviews de novo the voluntariness of confessions. *United States v. Doe,* 170 F.3d 1162, 1168 (9th Cir.1999); *United States v. Fisher,* 137 F.3d 1158, 1165 (9th Cir.1998). The district court's factual findings underlying its determination of voluntariness are reviewed for clear error. *Doe,* 170 F.3d at 1168. The district court stated that it reached its conclusion regarding alleged coercion based on: conflicts in the appellant's story; appellant's failure to tell FBI agents about the alleged abuse, even when the Mexican police were not present; testimony by Agent Spilsbury that indicated no physical signs of abuse or water torture; and the fact that although appellant claims that the reason he confessed to Spilsbury was because he had been told to do so by the Mexican Police before the FBI arrived, appellant nonetheless initially invoked his rights. According to the district court, this initial invocation does not make sense had appellant truly been coerced into confessing. Because these factual findings

were not clearly erroneous given the evidence in the record, the district court did not err in denying appellant's motion to suppress.

## II

■ Velarde–Lopez also alleges that his post-arrest statements were made in violation of his *Miranda* rights because his waiver was not voluntary.[2] This argument fails. The voluntariness of a waiver of *Miranda* rights is reviewed by this court de novo. *United States v. Okafor,* 285 F.3d 842, 846 (9th Cir.2002); *United States v. Amano,* 229 F.3d 801, 803 (9th Cir.2000). The district court found that Velarde–Lopez's post-arrest statements made to Agent Spilsbury were voluntary, and that there was no claim by appellant that Spilsbury had used coercion in any way. Velarde–Lopez initially invoked his *Miranda* rights, after which an FBI agent asked him a series of biographical questions. It is well-settled law in this circuit that biographical questions, such as name, address, date of birth, height, and weight, are permitted even after a person invokes his or her *Miranda* rights. *United States v. Foster,* 227 F.3d 1096, 1103 (9th Cir. 2000). Indeed, this circuit has held, "this court and the Supreme Court generally do not view inquiries regarding general biographical information as 'interrogation.'" *Id.; Pennsylvania v. Muniz,* 496 U.S. 582, 601, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990) (plurality opinion); *United States v. Booth,* 669 F.2d 1231, 1238 (9th Cir.1981). Therefore, notwithstanding appellant's initial invocation, Spilsbury's questioning regarding biographical information was permissible and did not implicate *Miranda.* In the

---

1. We assume, for purposes of this disposition, that the U.S. Constitution applies to the issue of whether Velarde–Lopez's confession was coerced by the actions of the Mexican police, in Mexico.

2. Again, we assume, for purposes of this disposition, that *Miranda* applies to in-custody interrogation by FBI agents in Mexico.

course of such questioning, Velarde–Lopez waived his *Miranda* rights. The district court found this waiver to be voluntary. Thus, the district court did not err in denying appellant's motion to suppress on this ground.

### III

█ Appellant further contends that the district court erred by denying his motion to continue the trial based on needed further investigation of witnesses disclosed by the government. This contention also fails. A district court's decision to grant or deny a motion for continuance is reviewed for an abuse of discretion. *United States v. Nguyen,* 262 F.3d 998, 1002 (9th Cir.2001); *United States v. Zamora–Hernandez,* 222 F.3d 1046, 1049 (9th Cir.2000). In this case, the district court ordered the government to make early *Jencks* and *Brady* disclosure no later than 72 hours before the beginning of trial. The government produced this material regarding three potential witnesses fourteen days before trial. The district court further ordered the government to produce all relevant *Brady, Giglio* material pertaining to the witnesses before trial. Accordingly, the district court did not abuse it's discretion in denying appellant's motion to continue.

### IV

█ Finally, Velarde–Lopez argues that the district court erred by permitting the testimony of witnesses Alejandra Lopez and Alejandro Tadeo Arvizu, both of whom were not on the government's witness list. The trial court's decision to grant an exception to its witness disclosure requirements is reviewed for an abuse of discretion. *See United States v. Nash,* 115 F.3d 1431, 1440 (9th Cir.1997). The district court found that the appellant was not entitled to either a witness list or early

*Jencks* disclosure, and that any prejudice to appellant's ability to effectively cross-examine witness Valencia–Rodriguez could be cured by re-calling him to the stand. Further, the district court postponed Arvizu's testimony for five days to give appellant an opportunity to investigate and prepare for the witness. The district court also read Arvizu's and Lopez's names to the jury and determined that none of the jurors knew either of them. The district court did not abuse its discretion and is therefore affirmed.

AFFIRMED.