**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEMONDZA HUNTER, | No. 06-56431 |
| Plaintiff - Appellant, | D.C. No. CV-01-02212-RTB |
| v. | |
| D. ESTEE, Correctional Officer; S. CANDALOT, Assistant Appeals Coordinator; S. H. GARCIA, Chief Deputy Warden; G. GALAZA, Warden, Corcoran State Prison; JANE DOE, Appeals Coordinator, Calipatria State Prison; JOHN DOE, I, Appeals Coordinator, Corcoran State Prison; R. H. HOUSTON, Chief Deputy Warden, Calipatria State Prison; H. E. FAST; D. EDWARDS; MIKE CORBIN, Appeals Coordinator; BRAD STREETER Appeals Coordinator; DARIO BRAVO, Appeals Coordinator, | MEMORANDUM * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted January 14, 2010
Pasadena, California

Before: SCHROEDER, CANBY and McKEOWN, Circuit Judges.

Demondza Hunter appeals the district court's dismissal of his 42 U.S.C.

§ 1983 action. The district court found that Hunter did not have a constitutionally

protected liberty interest in avoiding confinement in the Segregated Housing Unit

("SHU") at Corcoran State Prison. The district court further found that even if

such a liberty interest existed, Hunter's successful administrative appeal "cured"

this error. The district court dismissed Hunter's other claims as well, and denied

Hunter's request to file an untimely summary judgment brief. We reverse and

remand for further proceedings.

We review a grant of summary judgment de novo. *United States v. City of*

*Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003). We review a district court's denial of

an extension of time for abuse of discretion. *United States v. Nguyen*, 262 F.3d

998, 1002 (9th Cir. 2001).

The district court correctly noted that the prison's failure to accommodate

Hunter's allergy and disability do not, standing alone, give rise to a liberty interest.

*Serrano v. Francis*, 345 F.3d 1074, 1078-79 (9th Cir. 2003). The district court's

determination that Hunter did not have a liberty interest in avoiding confinement in

the SHU was based principally upon its interpretation of *Wilkinson v. Austin*, 545 U.S. 209 (2005). The district court observed that the inmates at Ohio State Penitentiary ("OSP") had a liberty interest in that case in avoiding conditions that were more severe than those in "most solitary confinement facilities." *Id.* at 224. The district court distinguished *Wilkinson* from this case because placement in OSP was indefinite, subject only to annual review, and OSP inmates were not eligible for parole. *See id.*

The district court apparently assumed that placement in the SHU was not indefinite and was subject to more frequent review. Yet the fact that Hunter spent over 200 days in the SHU after he was ordered released indicates that prison procedures for reviewing placement were inadequate. Thus, Hunter's placement in the SHU was as a practical matter as indefinite as the placement in *Wilkinson*. *See id*.

The district court also distinguished *Wilkinson* on the ground that in *Wilkinson* OSP inmates were disqualified from parole consideration. The record is unclear, however, as to whether prison officials restored Hunter's good time credits, and whether the six months he spent in the SHU after he was ordered released increased the overall length of his incarceration.

3

In finding that Hunter's successful administrative appeals "cured" any due process errors he may have suffered, the district court relies on what was for Hunter a Pyrrhic victory. Hunter served six months in the SHU after his successful administrative appeal, and thus his successful appeal did not remedy anything.

On remand the district court should re-evaluate whether the prison's failure to ensure proper placement of Hunter "impose[d an] atypical and significant hardship on [Hunter] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The district court should also determine to what extent, if any, Hunter's stay in the SHU affected the length of his sentence. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court erred dismissing Hunter's retaliation claim. The State did not move for summary judgment on this issue, and concedes the district court erred with respect to it. The State also agrees that because of the Federal retaliation claim the district court should not have dismissed Hunter's state law claim for lack of jurisdiction. *See* 28 U.S.C. § 1367.

In light of our holding, we need not address whether the district court erred in denying Hunter, a pro se prisoner before the district court, an extension to file supplemental pleadings. We assume that further proceedings and a new briefing schedule on remand will cure any alleged error.

4

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS**.