**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ROBERT TRINGHAM,<br><br>Defendant - Appellant. | No. 11-50059<br><br>D.C. No. 2:09-cr-00490-SJO-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 9, 2012
Pasadena, California

Before: TROTT, KLEINFELD, and McKEOWN, Circuit Judges.

Robert Tringham appeals his conviction on several grounds: that the district

court abused its discretion in denying his motions for substitution of counsel and

for a continuance, that his *Faretta* waiver was invalid because it was coerced by

the court's denial of his motions to substitute counsel, that cumulative error

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

violated his right to due process, that the court did not adequately inquire into a witness's invocation of his Fifth Amendment right against self-incrimination, and that insufficient evidence supported his conviction on two counts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in finding that Tringham "failed to establish any conflict that would require the Court to substitute new counsel." The court questioned Tringham and his attorney "'privately and in depth'" about the issues Tringham raised. *United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2001) (citation omitted). The disagreement between Tringham and his attorney was over strategy, and "[i]t is well-settled . . . that this type of dispute is not a sufficient conflict to warrant substitution of counsel." *United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003).

Because the district court did not err in denying Tringham's motions to substitute counsel, Tringham's waiver of the right to counsel was voluntary. *See United States v. Robinson*, 913 F.2d 712, 715-16 (9th Cir. 1990).

Nor did the district court abuse its discretion in denying Tringham's motion for a continuance upon granting his request to proceed pro se. Tringham did not show prejudice resulting from the denial. *See Armant v. Marquez*, 772 F.2d 552, 556-57 (9th Cir. 1985). To the contrary, Tringham stated, "[T]he witnesses that we

2

didn't get and the witness evidence that we haven't seen . . . . I do not think that it's maybe a deal breaker if I don't get it."

Because Tringham did not establish that the district court erred on any of his individual claims, "cumulative error is simply inapplicable." *United States v. Fernandez*, 388 F.3d 1199, 1256 (9th Cir. 2004).

Contrary to Tringham's assertions, the district court did not allow his witness to make a blanket invocation of his Fifth Amendment privilege against self-incrimination. The witness invoked the privilege "in response to specific questions." *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996) (per curiam) (citation omitted). It was "evident from the implications of the question[s], in the setting in which [they were] asked, that a responsive answer to the question[s] or an explanation of why [they could not] be answered might [have been] dangerous because injurious disclosure could result." *United States v. Flores-Blanco*, 623 F.3d 912, 918 (9th Cir. 2010) (quoting *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951)).

Tringham's sufficiency of the evidence claims fail because a "rational trier of fact could have found the evidence sufficient" to convict him on counts eight and nine. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1010 (9th Cir. 1995).

**AFFIRMED.**

3