**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10674 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00055-JMS-1 |
| v. | |
| GABRIEL RUIZ SALCEDO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 13, 2013
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Gabriel Ruiz Salcedo appeals his conviction and sentence for conspiracy to

distribute and possess with intent to distribute 50 grams or more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and attempt to

possess with intent to distribute 50 grams or more of methamphetamine, in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court did not abuse its discretion in denying Salcedo's request to replace his trial counsel. In reviewing a denial of a motion for substitution of counsel, we consider: "(1) the adequacy of the district court's inquiry; (2) the extent of the conflict between the defendant and counsel; and (3) the timeliness of defendant's motion." *United States v. Reyes-Bosque*, 596 F.3d 1017, 1033 (9th Cir. 2010).

Here, the district court adequately conducted an inquiry before denying Salcedo's request. *See United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2001) ("For an inquiry . . . to be sufficient, the trial court should question the attorney or defendant privately and in depth, and examine available witnesses." (internal citations and quotation marks omitted)). The district court questioned both Salcedo and his counsel extensively regarding the nature of the conflict; the extent of the breakdown in communication between them; whether the breakdown in communication would prevent counsel from effectively and zealously representing Salcedo; and the timeliness of the request. *See Reyes-Bosque*, 596 F.3d at 1033. While some of the questions were open-ended, that alone does not render the inquiry inadequate. *See United States v. Mendez-Sanchez*, 563 F.3d

2

935, 943 (9th Cir. 2009) (affirming denial of substitution request despite the use of open-ended questions where the "questions were targeted toward understanding the crux of the disagreement between [the defendant] and his attorneys").

Next, the district court did not err in finding that there was no "extensive, irreconcilable conflict." *Id.* at 943. Salcedo's distrust of his counsel stemmed in part from counsel's refusal to file what he deemed to be a frivolous motion. However, "[l]itigation tactics are decisions generally left to defense counsel." *United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002). Salcedo also alleged that his counsel called him "arrogant," a "liar," a "coward," and a "rat." But, counsel denied these accusations, explaining that he merely advised Salcedo that he should not be covering up for the drug dealers for fear of "being labeled a rat." The district court's finding that the disagreement was "not based on an objectively reasonable belief by Mr. Salcedo that [defense counsel] ha[d] betrayed his interests in any way" was not clearly erroneous. *See United States v. Gust*, 405 F.3d 797, 799 (9th Cir. 2005) ("So long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous, even if the reviewing court would have weighed the evidence differently had it sat as the trier of fact.").

Finally, the district court properly balanced "the resulting inconvenience and delay against the defendant's important constitutional right to counsel of his choice" in finding that Salcedo's request was untimely. *See Reyes-Bosque*, 596 F.3d at 1035. Salcedo's request was made four days before trial, even though he knew of the underlying basis for his request much earlier. Salcedo provided no reason for his delay in bringing the motion. Two witnesses had already been brought in from out of town for the trial, and it was clear that a continuance of the trial would have been required if Salcedo's request were granted. *See id.* at 1034–35 (concluding that the defendant's two-month delay in moving for new counsel supported denial of the motion).

Under these circumstances, we hold that the district court did not abuse its discretion in denying Salcedo's request for new counsel.

2.     The district court properly denied Salcedo's motion to suppress. First, Salcedo contends that the DEA agents failed to advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), during his initial encounter with them.[1] "*Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him in custody." *Stanley v. Schriro*, 598 F.3d 612,

---

[1] Because Salcedo argues for the first time on appeal that the agents should have *Mirandized* him during the initial encounter, we review this issue for plain error. *Mendez-Sanchez*, 563 F.3d at 947.

4

618 (9th Cir. 2010) (internal quotation marks omitted). Viewing the totality of the circumstances, we find that Salcedo was not in custody during his initial encounter with the agents, because the three agents who approached Salcedo wore plain clothes; their weapons were hidden; the encounter took place on a public sidewalk; the agents did not block Salcedo's way and he was free to walk away; the encounter was cordial and took place in a conversational tone; and there was no threat, intimidation, or coercion involved. Therefore, the agents were not required to advise Salcedo of his rights under *Miranda* during their initial encounter.

Second, Salcedo argues that his consent to search was not freely and voluntarily given. In determining whether Salcedo's consent was voluntary, we consider the following factors: "(1) whether defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether Miranda warnings were given; (4) whether the defendant was notified that she had a right not to consent; and (5) whether the defendant had been told a search warrant could be obtained." *United States v. Soriano*, 361 F.3d 494, 502 (9th Cir. 2004). As we discussed, Salcedo was not in custody and the agents did not have their guns drawn when they asked him for consent to search his apartment. Salcedo "had not yet been arrested, so the *Miranda* warning factor is inapplicable." *United States v. Vongxay*, 594 F.3d 1111, 1120 (9th Cir. 2010). Moreover, Salcedo was not presented with an

5

ultimatum that a search warrant could be obtained if he refused to consent to the search. While Salcedo was not told that he had the right not to consent, "doing so simply weighs in favor of finding consent." *Id.* at 1120 n.6. Most significant, however, is Salcedo's admission that he allowed the agents to search his apartment because he thought that if they failed to find the evidence, then he "would be home free."

Finally, Salcedo contends that the scope of the search exceeded his consent when the agents searched the ceiling after they saw a dark piece of paper sticking out from an opening in his closet's ceiling. Because Salcedo consented to the search of his entire apartment and did not limit the scope of the search, the agents acted within the scope of the consent in removing the cover of that opening.

3.     The district court properly overruled Salcedo's objection to the special information filed by the government pursuant to 21 U.S.C. § 851. Salcedo claims that his prior 2005 federal drug conviction was invalid because his counsel in that case was ineffective. However, Salcedo failed to show that (1) his "counsel's actions were outside the wide range of professionally competent assistance," and (2) he "was prejudiced by reason of [his] counsel's actions." *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996). The district court's finding that counsel's actions were not deficient is supported by the record. We agree with the

6

district court that Salcedo's counsel "did what an experienced defense attorney, who is capable, would do, and that is to weigh all of the risks involved in going to trial, weigh the risks of pleading guilty, . . . the potential sentence, taking into account all of his knowledge, his relationship with [the AUSA], and his knowledge of policies in Arizona." Morever, Salcedo failed to address in his briefs how he was prejudiced by counsel's purportedly deficient performance. For these reasons, the district court properly overruled Salcedo's objection to the special information.

**AFFIRMED.**