Filed 12/9/13  P. v. Venegas CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HENRY TORRES VENEGAS,<br><br>    Defendant and Appellant. | H038103<br>(Santa Clara County<br>Super. Ct. No. C1083800) |

A jury convicted defendant Henry Torres Venegas of possession of heroin for sale, possession of a firearm while under the influence, possession of ammunition by a prohibited person, possession of a firearm by a felon, carrying a concealed firearm, possession of controlled substances while armed with a loaded firearm, and a prior felony conviction for carrying a loaded firearm.  (Health & Saf. Code, §§ 11351, 11550, subd. (e), 11370.1; Pen. Code, §§ 12316, subd. (b), 12021, subd. (a)(1), 12025, subd. (a)(2), 12031, subd. (a)(1).)[1]  The jury also found true a weight enhancement as to the heroin, and an allegation defendant was personally armed during the offense.  (§§ 1203.07, subd. (a)(1), 12022, subd. (c).)  The trial court imposed a term of six years and eight months in state prison.

---

[1]  Subsequent undesignated statutory references are to the Penal Code.

On appeal, defendant argues: (1) the trial court erred in denying his motion for discovery under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*); (2) defense counsel provided ineffective assistance by failing to renew the *Pitchess* motion; and (3) the court erred in denying his motion for substitution of counsel. Finding no error, we will affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A. *Evidence Presented at Trial*

At trial, San José Police Officer Keith Aldinger testified that on July 31, 2010, at approximately 11:00 p.m., he saw a van parked at a slant to the curb with its headlights on. He parked behind the van and began to run the license place. A nearby pedestrian walking her dog waved to him and approached his car. She told him the van had been parked there for an hour with its lights on, the motor running, and the driver asleep.

Officer Aldinger got out of his car, approached the van, and confirmed the motor was running. He tapped on the driver's window, but defendant, sitting in the driver's seat, was asleep and did not wake up. Officer Aldinger opened the unlocked driver's door, woke up defendant, and asked him what he was doing. Defendant's eyes were bloodshot and glossed over, his pupils were extremely constricted, and his eyelids were fluttering rapidly. His voice was raspy, and his speech was slow. Officer Aldinger believed defendant was under the influence of opiates or other drugs.

Defendant got out of the van and Officer Aldinger patted him down. In defendant's pants pocket, Officer Aldinger found a .38 caliber revolver fully loaded with five rounds, and four loose rounds. Officer Alindger also found $6,669 in cash, a ball of black tar heroin, a syringe wrapper, and two "pay/owe" sheets. One of the sheets stated, "Billy owes you for 10 pills." Another stated, "Billy got $80 worth of pills today. He owes you $80 for meds." A search of the van yielded a block of black tar heroin hidden in the engine compartment, fourteen bottles of methadone prescribed to defendant, a dagger, and three cellphones, one of which contained texts related to drug dealing. The

ball of heroin from defendant's pocket weighed 4.5 grams, and the block of heroin from the van weighed 18.39 grams. Officer Aldinger opined that the heroin was for sale.

Defendant also testified at trial. He denied that he was asleep when Officer Aldinger approached the van. He testified that he had parked only five minutes earlier, and that he was outside the van locking it when Officer Aldinger approached. He had seen Officer Aldinger talking to the woman walking her dog. Defendant claimed the woman and her boyfriend owed him money.

He admitted possessing the ball of heroin in his pocket, but he claimed it was for his personal use. He denied the block of heroin from the engine compartment was his; he claimed Officer Aldinger planted it. He also testified that he had $10,000 in cash at the time, and that Officer Aldinger stole $3,000 of it. He admitted having the gun in his pocket, but he claimed it was necessary for self-defense.

B. *Pitchess Motion*

Defendant moved for pretrial discovery of records pertaining to Officer Aldinger under *Pitchess, supra,* 11 Cal.3d 531. Defense counsel's supporting declaration stated that "a substantial issue in the trial of this case may be the fabrication of charges and evidence, and false arrest" by Officer Aldinger. Defendant's supporting declaration alleged falsehoods in Officer Aldinger's police report narrative of the seizure. Defendant stated he had only been parked for five minutes, and that he was not asleep when Officer Aldinger approached the van. Defendant also stated he was seated awake in the driver seat when Officer Aldinger removed him from the van and searched him.[2] The declaration went on to say, "I believe that fabrication of evidence, specifically false statements in the incident report by this officer is dishonest and used to justify the unlawful arrest. Additionally, it creates the false illusion of criminal or unusual conduct

---

[2] Defendant's affidavit contradicted his trial testimony, in which he claimed he was outside the van locking it when Officer Aldinger approached.

3

in order to justify a stop and detention." The declaration did not allege Officer Aldinger planted evidence or stole money.

The trial court found good cause to grant the *Pitchess* motion and ordered the City Attorney and custodian of records to produce any responsive documents to the court for an in camera review. On May 19, 2011, the custodian of records appeared before the court, produced the responsive documents, and testified in an in camera hearing. The record includes a sealed transcript of the hearing. The transcript shows one citizen complaint against Officer Aldinger pertaining to a "fix it" traffic stop in which Officer Aldinger issued a simple verbal warning to an automobile driver before releasing the driver without further incident. The driver complained the stop was unjustified because the car did not need to be fixed. But after an investigation, Officer Aldinger was exonerated of any wrongdoing. Minutes of the in camera review state "written dec to follow," suggesting the court intended to issue a subsequent written decision ruling on defendant's *Pitchess* motion.

Concurrent with the *Pitchess* motion, defendant moved to suppress the seized evidence, arguing Officer Aldinger lacked probable cause to search him and the van. On May 24, 2011, the trial court held a hearing at which defendant and Officer Aldinger testified. Officer Aldinger testified to facts consistent with his trial testimony as summarized above. Defendant's testimony was confused, rambling, and contradictory at times. Defendant did not testify that Officer Aldinger planted any evidence or stole any money.

At the conclusion of the hearing, the trial court denied defendant's motion to suppress. Nine days later, on June 2, 2011, the court issued a written decision denying defendant's *Pitchess* motion as moot in light of the denial of the suppression motion. In doing so, the court found defendant's "good cause showing only related to the grounds for his detention. [. . .] Defendant's specific factual scenario establishing good cause, and any responsive material that would be disclosed, only related to suppression motion

4

issues not Defendant's guilt or innocence of other trial issues." The trial court invited the parties "to submit further briefing addressing the above concerns."

In a subsequent motion to continue the trial date, defense counsel filed a declaration stating, "It is our position that the materials sought [in the *Pitchess* motion] reflect not only on probable cause for the stop but would also reflect upon the credibility of San Jose Police Officer Aldinger and is highly relevant to the trial." But counsel never moved for reconsideration of the trial court's June 2, 2011 written decision, and never submitted any further briefing on the *Pitchess* motion.

### C. *Motion for Substitution of Counsel*

Jury trial began on October 27, 2011. On the fifth day of proceedings, following the bulk of the prosecution's case, and just prior to the defense case, defendant moved for substitution of his retained counsel. Defendant personally complained to the court that his trial counsel had failed to obtain documents needed for his defense. Counsel explained the documents consisted of bank records and medical records. He stated that he had only recently been made aware of the relevance of the medical records, and that his client had not been able to identify the source of the bank records until a week before trial. Counsel had made efforts to obtain the documents, but did not receive them in time for trial. Counsel stated the bank records were necessary for the defendant to "refresh his recollection" as to the source of the seized cash.

The court stated it would grant defendant's request if he retained an attorney ready to proceed on his behalf by the afternoon session. Defendant stated he had not obtained substitute counsel, and that it would take "a few days" to find another attorney. The court denied the motion.

## II. DISCUSSION

### A. *Denial of the Pitchess Motion as Moot*

Defendant contends the trial court erred in denying his *Pitchess* motion as moot following the denial of the motion to suppress. He argues the responsive materials may

5

have been relevant to the credibility of Officer Aldinger, who testified at trial. Defendant is unaware of the results of the in camera review, since the transcript of the *Pitchess* hearing has been sealed. He asks, therefore, that we review the sealed portion of the record, and, if we find error, that we conditionally reverse his conviction and remand to the trial court for further proceedings. The Attorney General concurs with this proposed procedure.

The appellate court reviews a trial court's denial of a *Pitchess* motion for an abuse of discretion. (*People v. Jackson* (1996) 13 Cal.4th 1164, 1220-1221 [abrogated on other grounds as stated in *McGee v. Kirkland* (2009) 726 F.Supp.2d 1073, 1080].) An appellate court may review a sealed transcript to determine whether the record is sufficiently detailed to allow review of the trial court's discretion. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1229.) Accordingly, we have reviewed the sealed portion of the record. We conclude the trial court adequately reviewed the responsive documents, and that the record is sufficient to allow for review. For the reasons below, we find no abuse of discretion in the denial of defendant's motion. Additionally, defense counsel did not provide ineffective assistance of counsel by not pursuing the *Pitchess* motion further.

### 1. *Relevance of the Responsive Materials*

The trial court, finding good cause to support review, initially granted defendant's *Pitchess* motion and conducted an in camera review of the responsive materials. Defendant appeals from the court's subsequent order denying the *Pitchess* motion as moot, effectively denying the disclosure of any materials from Officer Aldinger's personnel file to the defense.

"If the trial court finds good cause for the discovery, it reviews the pertinent documents in chambers and discloses only that information falling within the statutorily defined standards of relevance." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019.) Evidence code section 1045 sets forth procedures for review and disclosure of

6

requested materials from peace officers' personnel files. As relevant here, the court must exclude from disclosure "[f]acts sought to be disclosed that are so remote as to make disclosure of little or no practical benefit." (Evid. Code, § 1045, subd. (b)(3).) "That practice 'imposes a further safeguard to protect officer privacy where the relevance of the information sought is minimal and the officer's privacy concerns are substantial.'" (*Warrick* at p. 1019.) Furthermore, "only documentation of past officer misconduct which is similar to the misconduct alleged by defendant in the pending litigation is relevant and therefore subject to discovery." (*California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1021.)

Defendant argues that relevance attaches through Officer Aldinger's credibility, his testimony forming the bulk of the prosecution's case. The primary defense evidence put forth at trial was that Officer Aldinger had planted the heroin in the engine compartment of the van. Since the heroin in the engine compartment comprised the bulk of the heroin seized—the portion in defendant's pocket weighing only 4.5 grams—the credibility of Officer Aldinger's testimony on this point would be relevant to the jury's finding that the heroin was possessed for sale.

It is unclear from the record why the court did not rule on defendant's *Pitchess* motion prior to the hearing for the motion to suppress. However, even if the court had not found the motion moot and instead released the requested materials prior to the hearing, nothing in the record shows any facts or evidence reasonably likely to have changed the outcome of the hearing. Defendant's testimony at the suppression hearing was not credible, while Officer Aldinger's testimony was consistent with his prior statements. Furthermore, Officer Aldinger's testimony, combined with indisputable physical evidence introduced at the hearing, established legal grounds sufficient to support the stop and the subsequent search of the vehicle.

Defendant's primary argument on appeal concerns the possible relevance of the requested materials at trial. We have reviewed the transcript of the trial court's in camera

7

review and find nothing in Officer Aldinger's personnel file similar to the misconduct alleged by defendant in this case—e.g., the planting of evidence or theft of money. In other words, facts and materials disclosed during the in camera review were "so remote as to make disclosure of little or no practical benefit." (Evid. Code, § 1045, subd. (b)(3).) The trial court therefore did not abuse its discretion in denying disclosure of the reviewed materials by denying the *Pitchess* motion as moot.

Even assuming error by the court, such error was harmless. Nothing in the reviewed materials could have persuaded a jury to believe defendant's claims in lieu of Officer Aldinger's testimony. Defendant was an admitted heroin addict with an extensive, decades-long history of drug abuse. He had used heroin only three hours before his encounter with Officer Aldinger. He could not explain text messages on his cellphone that apparently referenced drug deals. And the jury learned that he had prior felony convictions for petty theft. Accordingly, there was no reasonable probability that the jury would have credited defendant's testimony over Officer Aldinger's testimony.

### 2. *Ineffective Assistance of Counsel*

Defendant argues his trial counsel should have pursued *Pitchess* discovery further after the court denied his first *Pitchess* motion. The court's denial of the motion was premised on its mootness, since the motion to suppress had also been denied. Defendant argues counsel should have continued to pursue discovery because the sought-after materials were relevant to his defense at trial, not merely his motion to suppress. For the reasons below, we find no ineffective assistance of counsel.

"To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. [Citations.] Counsel's performance was deficient if the representation fell below an objective standard of reasonableness under prevailing professional norms. [Citation.] Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."

8

(*People v. Benavides* (2005) 35 Cal.4th 69, 92-93, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694.)  " 'Finally, prejudice must be affirmatively proved; the record must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." ' " (*People v. Hart* (1999) 20 Cal.4th 546, 624)  "It is the defendant's burden on appeal [. . .] to show that he or she was denied effective assistance of counsel and is entitled to relief. [Citations.] '[T]he burden of proof that the defendant must meet in order to establish his [or her] entitlement to relief on an ineffective-assistance claim is preponderance of the evidence.' [Citation.]" (*In re Hill* (2011) 198 Cal.App.4th 1008, 1016.)

Defendant's claim fails because he cannot show, even assuming his counsel's performance was deficient, that his defense was prejudiced as a result of his counsel's deficient performance.  In other words, even if the trial court had disclosed the citizen complaint about the traffic stop incident, there is no reasonable probability defendant would have enjoyed a more favorable outcome.  Because Officer Aldinger was exonerated of any wrongdoing in that incident, it is not reasonably possible that a jury would have credited defendant's testimony over that of Officer Aldinger.  Absent any showing of prejudice, defendant's claim of ineffective assistance of counsel fails.

B.  *Denial of the Motion for Substitution of Counsel*

Defendant contends the court erred by denying his motion for substitution of retained counsel.  Defendant argues reversal is automatic, requiring no showing of prejudice.  We conclude defendant's motion was untimely and would have caused an unwarranted disruption in the proceedings.

"The right of a criminal defendant to counsel and to present a defense are among the most sacred and sensitive of our constitutional rights." (*People v. Ortiz* (1990) 51 Cal.3d 975, 982.)  "A criminal defendant's right to decide how to defend himself should be respected unless it will result in 'significant prejudice' to the defendant or in a

9

'disruption of the orderly processes of justice unreasonable under the circumstances of the particular case.' " (*Ibid.*) A non-indigent criminal defendant has a due process and Sixth Amendment right to retained counsel of his choice, and he can discharge retained counsel at any time with or without cause. (*People v. Verdugo* (2010) 50 Cal.4th 263, 310-311; *People v. Lara* (2001) 86 Cal.App.4th 139, 152.) "[T]he right to counsel of choice reflects not only a defendant's choice of a particular attorney, but also his decision to discharge an attorney whom he hired but no longer wishes to retain." (*Ortiz, supra,* 51 Cal.3d at p. 983.)

"The right to discharge retained counsel is not absolute, however. . . ." (*Lara, supra,* 86 Cal.App.4th at p. 153.) The court must "balance the defendant's interest in new counsel against the disruption, if any, flowing from the substitution." (*Ibid.*) A defendant who seeks to discharge retained counsel in a timely manner ordinarily must be permitted to do so. (*Ortiz, supra,* at p. 981; *Lara, supra,* at p. 152.) "However, a defendant who desires to retain his own counsel is required to act with diligence and may not demand a continuance if he is unjustifiably dilatory or if he arbitrarily desires to substitute counsel at the time of the trial." (*People v. Blake* (1980) 105 Cal.App.3d 619, 623-624.) We apply an abuse of discretion standard of review to a trial court's denial of a motion to relieve retained counsel. (*Lara, supra,* 86 Cal.App.4th at p. 155.)

Here, defendant moved mid-trial for substitution of counsel. The prosecution had nearly concluded its case-in-chief, and defendant was expected to testify that afternoon. It is indisputable that granting the motion would have resulted in "disruption of the orderly processes of justice. . . ." (*Ortiz, supra,* 51 Cal.3d at p. 982.) Because defendant had not obtained substitute counsel, the ongoing jury trial would have been stopped for as long as necessary for him to do so. Defendant claimed it would take "a few days" to find an attorney, but any competent attorney would require more than a few days to prepare for the remainder of the trial. There was also no way to know how much time

10

defendant's new attorney would need to obtain the missing documents (ostensibly the reason for substitution in the first place.)

Defendant relies on *United States v. Nguyen* (9th Cir. 2001) 262 F.3d 998 (*Nguyen*) for the proposition that the trial court failed to inquire into defendant's reasons for the motion. There, the defendant sought to substitute counsel on the day of trial, during jury selection. Because the trial court, among other things, failed to make any inquiry into the length of the potential delay that might result, the court of appeal ruled that it failed to conduct a sufficient inquiry into the defendant's request. (*Id.* at p. 1004.) The court of appeal went on to advise, "[f]or an inquiry regarding substitution of counsel to be sufficient, the trial court should question the attorney or defendant 'privately and in depth,'. . . ." (*Ibid.*)

The trial court did so here. First, the trial court inquired into the potential length of delay. Second, the court excused the prosecutor and investigating officer, and the court questioned the defendant directly about his reasons for wanting a new attorney. Third, the court solicited input from defense counsel about defendant's reasons. The court, therefore, clearly considered defendant's reasons for wanting a new lawyer, but concluded that the inevitable delay and disruption to the ongoing jury trial outweighed those justifications. Nothing the court did or did not do in this process constituted an abuse of discretion. We therefore reject defendant's claim.

### III.    DISPOSITION

The judgment is affirmed.

_____

MÁRQUEZ, J.

We concur:

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

_____

GROVER, J.