**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30266 |
| Plaintiff - Appellee, | D.C. No. 6:13-cr-00007-SEH-1 |
| v. | |
| ERVIN SALGADO OSORIO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted October 9, 2014
Portland, Oregon

Before: FISHER, CHRISTEN, and NGUYEN, Circuit Judges.

Ervin Osorio appeals his conviction for conspiracy to distribute and

distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. §§

846 and 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court abused its discretion by denying Osorio's motion for a 45-day continuance so that he could retain and proceed to trial with his counsel of choice. *See United States v. Nguyen*, 262 F.3d 998, 1003 (9th Cir. 2001) ("'[A]n 'unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.'" (quoting *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)) (internal quotation marks omitted)). Although the motion was filed after the motions deadline, it was not untimely under the circumstances of this case. It was filed almost immediately after Osorio learned that his co-defendants had changed their pleas and would be testifying against him. Additionally, Osorio had made his initial appearance less than two months prior to the date of the motion, and he had not previously requested any continuances.

Osorio's appointed attorney informed the district court that Osorio's family had the funds to retain attorney Roger Peven. Osorio's attorney also told the court he had spoken with Mr. Peven, and Mr. Peven had indicated he was willing to take the case but would need a continuance of the trial date.

The government did not argue that the requested continuance would inconvenience its attorneys or witnesses. And the district court did not find that there would be any inconvenience to prospective jurors, nor did it explain how the

continuance would inconvenience the court. "We have previously criticized a trial judge who seemed 'above all to be determined not to disturb [the court's] trial schedule.'" *Nguyen*, 262 F.3d at 1003 (alteration in original) (quoting *United States v. Moore*, 159 F.3d 1154, 1160 (9th Cir. 1998)). Although we are sensitive to the need of district judges to manage their workloads, under the circumstances of this case we conclude that the district court's insistence upon expeditiousness wrongfully infringed Osorio's Sixth Amendment right to counsel of choice. We therefore reverse Osorio's conviction and remand for a new trial. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150–51 (2006) (explaining erroneous deprivation of right to counsel of choice is structural error).[1]

**REVERSED AND REMANDED.**

---

[1]    Because we conclude reversal is warranted based on the district court's denial of Osorio's motion to continue, we do not reach Osorio's arguments concerning Agent Poteet's testimony or the reasonableness of his sentence.