**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MIGUEL MORALES-MATA, AKA Jose Galloso, AKA Jose Galloso Gonzalez, AKA Jose G. Gonzales, AKA Alfonso Sanchez, AKA Antonio R. Sanchez, AKA Antonio Sanchez-Ramirez,<br><br>Defendant - Appellant. | No. 13-30176<br><br>D.C. No. 3:12-cr-05401-RBL-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 7, 2015[**]
Seattle, Washington

Before: FERNANDEZ, RAWLINSON, and CALLAHAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Miguel Morales-Mata appeals his conviction by guilty plea and sentence for possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B). He argues that his conviction is invalid and his appellate waiver is unenforceable due to ineffective assistance of counsel. He also argues that the district court impermissibly coerced him into withdrawing his motion for substitution of counsel and discouraged him from withdrawing his guilty plea. We affirm his conviction and sentence.

We are not convinced that by requesting remand without vacatur of the plea agreement Morales-Mata has pushed this case beyond the confines of Article III's case-or-controversy requirement. U.S. Const. art. III, § 2, cl. 1. But we need not reach this issue of constitutional import because Morales-Mata's decision not to seek vacatur of the plea agreement clearly undermines his claims for another reason. Having failed to assert that he would not have entered into the plea agreement absent the alleged errors, his ineffective assistance of counsel and Rule 11-based claims must be denied for lack of prejudice. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) ( "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986)

("[T]o satisfy the prejudice component in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (quotation marks omitted)).

Even assuming that Morales-Mata does not need to show prejudice in order to prevail on his remaining argument, that the district court coerced him into withdrawing his motion to substitute his court-appointed counsel, that claim also fails. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006) (ruling that a trial court's erroneous deprivation of a defendant's Sixth Amendment right to counsel of choice is structural error, but stating that this rule does not apply to defendants who require counsel to be appointed for them). The transcript shows that the district court thoughtfully fulfilled its duty to question Morales-Mata and his attorney "privately and in depth" in order to ascertain whether substitution of counsel was necessary. *United States v. Nguyen,* 262 F.3d 998, 1004 (9th Cir. 2001). The district court did not impermissibly pressure Morales-Mata. *See United States v. Reyes-Bosque,* 596 F.3d 1017, 1033 (9th Cir. 2010) ("Before ruling on a motion to substitute counsel due to an irreconcilable conflict, a district court must conduct such necessary inquiry as might ease the defendant's

dissatisfaction, distrust, and concern[,] . . . . [and] give the court a sufficient basis for reaching an informed decision." (quotation marks omitted)).

For these reasons, the district court's judgment is **AFFIRMED**.