**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10160 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-08099-PGR-1 |
| v. | |
| GENO PLUMMER, AKA Gene Orrin Plummer, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted June 8, 2015
San Francisco, California

Before: SCHROEDER, D.W. NELSON, and CHRISTEN, Circuit Judges.

Defendant-appellant Gene Orrin Plummer appeals his jury trial conviction

for assault in Indian country in violation of 18 U.S.C. §§ 113(a)(6) and 1153. We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Plummer argues the district court abused its discretion and constructively denied him his Sixth Amendment right to representation when it denied his pretrial motion to substitute counsel. We consider the timeliness of the motion, the adequacy of the district court's inquiry into the conflict, and the extent of the conflict to determine if the district court erred in denying the substitution. *United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2000); *see also United States v. Moore*, 159 F.3d 1154, 1158–59 & n.3 (9th Cir. 1998) (applying the same three factors when evaluating whether denial of substitution constructively denied a defendant's Sixth Amendment right to counsel).

The first factor weighs in Plummer's favor because his motion was timely. He filed the motion seven days after his indictment was entered, and before discovery had begun. At that early stage in the case, granting the motion was unlikely to cause substantial delay.

The second factor also weighs in Plummer's favor. The district court appropriately held an ex parte hearing with Plummer and his counsel, but it was replete with misunderstandings. Plummer had prepared his own motion to substitute, complaining that his counsel had been to visit him zero times since Plummer had been in custody. The motion was obviously a form document, and did little to explain Plummer's individual basis for seeking new counsel. Further,

2

the court was confused as to how long Plummer had been in custody and represented by counsel, because the record before the court showed that Plummer had been indicted on the assault charge only ten days before. Plummer had been in jail for almost four months, however, due to revocation of his supervised release arising out of the same incident. The district court's misunderstanding about the pre-hearing sequence of events is understandable because, at first glance, it appeared likely that Plummer had filed a motion to substitute counsel only about a week after counsel had been appointed, while in fact, four months had gone by. Plummer had a real concern he was attempting to voice, and the transcript reflects he was not heard.

Because the district court did not fully comprehend Plummer's custody status, the court did not adequately inquire into counsel's failure to communicate with Plummer during the preceding months. When the court asked Plummer about the nature of the problem, Plummer referred to his counsel not having received discovery that Plummer had obtained in an earlier proceeding. The court interpreted the professed problem to be the government's failure to provide formal discovery, and thus attempted to resolve it by ascertaining that defense counsel had recently filed a discovery motion that the government had not yet had an opportunity to comply with. This inquiry unfortunately did not address the

3

communication problems that existed between Plummer and his counsel resulting from lack of contact over a long period of time. *See United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777 (9th Cir. 2001) ("Before ruling on a motion to substitute counsel due to an irreconcilable conflict, a district court must conduct such necessary inquiry as might ease the defendant's dissatisfactions, distrust, and concern. The inquiry must also provide a sufficient basis for reaching an informed decision.") (citations and internal quotation marks omitted).

The third factor also weighs in Plummer's favor because the record shows that the extent of the conflict between Plummer and his counsel caused a breakdown in communication between them. *See Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007); *Adelzo-Gonzalez*, 268 F.3d at 779. Plummer was not arrested until 14 months after the assault and it took almost another four months for him to be indicted. Counsel explained that he had not spoken to his client because he was basically "camped out waiting to see if this [i]ndictment was going to come down." It is troubling that Plummer's trial counsel saw no need to work on preparing a defense—or to hear his client's story—while awaiting the indictment. The failure to communicate with Plummer and interview witnesses is particularly concerning in this case because there had already been an extensive delay before Plummer was arrested, and the underlying assault took place when

4

just about everyone present had been drinking. The circumstances surrounding the assault made it likely that, at best, witnesses would be challenged to accurately recall the events that transpired that night. Appointed counsel did not use this time to talk to his client, much less to develop a defense strategy, perform any necessary investigation, or work to discourage the Government from filing an indictment. *Cf. Crandell v. Bunnell*, 144 F.3d 1213, 1217 (9th Cir. 1998) (in the more stringent habeas context, finding ineffective assistance of counsel where the public defender failed to confer with defendant for 63 days before discovery began), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc).

This record further indicates that the breakdown in communication between Plummer and his counsel led to a loss of plea opportunities. During the final pre-trial conference, the government offered a time-served plea agreement. Plummer nevertheless insisted on going to trial, reflecting his counsel's inability to communicate to him the advantages of a plea agreement. While the district court indicated it would not have accepted a time-served deal, it would have accepted some deal, and the court expressed dismay with Plummer's decision to go to trial, emphasizing that he would lose advantageous sentencing adjustments as a result.

The record as a whole thus shows that all of the relevant factors we apply for considering whether there has been an abuse of discretion in denying substitution

5

of counsel and more seriously, whether there has been a constructive denial of the right to counsel, weigh strongly in Plummer's favor. This convinces us that the denial of Plummer's motion for substitution of counsel constructively denied him his right to counsel under the Sixth Amendment. We therefore vacate his conviction and remand for a new trial. *See Moore*, 159 F.3d at 1161.

**REVERSED** and **REMANDED**.