
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10111 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00968-JAT-1 |
| v. | |
| GASPAR TORRES HERNANDEZ, AKA Ramon Jose Sanchez-Valenzuela, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10205 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02584-JAT-1 |
| v. | |
| GASPAR TORRES HERNANDEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted March 16, 2016

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Gaspar Torres Hernandez appeals his convictions and sentences for the offense of Reentry of Removed Aliens, in violation of 8 U.S.C. § 1326(a), (b)(1), and for violating a previously-imposed condition of supervised release. We have jurisdiction under 28 U.S.C. § 1291.

Torres Hernandez contends that the district court violated his Sixth Amendment right by denying his requests for new counsel. "[F]orcing a defendant to go to trial with an attorney with whom he has an irreconcilable conflict amounts to constructive denial of the Sixth Amendment right to counsel," which occurs "where there is a complete breakdown in communication between the attorney and client, and the breakdown prevents effective assistance of counsel." *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007) (citing *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970); then citing *Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc)). When assessing whether there was a Sixth Amendment violation, we consider (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry; and (3) the extent of the conflict. *United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2001).

2

Here, the government agrees Torres Hernandez should have been granted new counsel and concedes that his convictions and sentences should be vacated. Torres Hernandez and his attorney repeatedly requested that new counsel be assigned before trial. They made it clear that the relationship lacked trust and communication. Torres Hernandez's attorney even admitted that he was not concentrating on his client's trial because of the breakdown in the attorney-client relationship. In sum, Torres Hernandez was left to face trial with a lawyer with whom he was not satisfied, would not cooperate, and would not communicate. *See Nguyen*, 262 F.3d at 1003–04. The district court's denial of Torres Hernandez's request for a new lawyer violated his Sixth Amendment right to counsel. The convictions and sentences are therefore vacated.

We decline to reach Torres Hernandez's other challenges to his sentence.

**VACATED AND REMANDED.**

3