
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10301 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-500-PHX-JAT-2 |
| v. | |
| CHRISTOPHER DARRELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted August 9, 2016[**]
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and LYNN,[***] Chief District
Judge.

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M.G. Lynn, United States Chief District
Judge for the Northern District of Texas, sitting by designation.

Defendant Christopher Darrell appeals his jury convictions for one count of assault with a dangerous weapon, in violation of 18 U.S.C. § 1153 and § 113(a)(3); one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 1153 and § 113(a)(6); and one count of robbery, in violation of 18 U.S.C. § 1153 and § 2111.

First, Defendant claims that the district court abused its discretion and constructively denied him his Sixth Amendment right to counsel by denying his motion for substitution of counsel. Generally, denial of a motion for substitution of counsel is reviewed for abuse of discretion. United States v. Mendez-Sanchez, 563 F.3d 935, 942 (9th Cir. 2009). We review de novo a claim of denial of a defendant's Sixth Amendment right to counsel because of an irreconcilable conflict with counsel. United States v. Moore, 159 F.3d 1154, 1158 (9th Cir. 1998).

"The test for determining whether the [district court] should have granted a substitution motion is the same as the test for determining whether an irreconcilable conflict existed." Daniels v. Woodford, 428 F.3d 1181, 1197 (9th Cir. 2005). We consider: (1) the extent of the conflict; (2) the adequacy of the district court's inquiry; and (3) the timeliness of the motion. Id. at 1197-98; Moore, 159 F.3d at 1158-59. An irreconcilable conflict occurs "only where there

2

is a complete breakdown in communication between the attorney and client, and the breakdown prevents effective assistance of counsel." Stenson v. Lambert, 504 F.3d 873, 886 (9th Cir. 2007).

Defendant requested appointment of new counsel several months before trial, claiming that his court-appointed counsel had sought continuances without his knowledge or consent, had not discussed the case or shared discovery with him, and had not adequately prepared for trial. The district court heard from Defendant and his counsel at an ex parte hearing, where (1) Defendant admitted that counsel had visited him on several occasions and had given him the discovery he requested; and (2) his counsel agreed to be prepared for trial on the date set and not to seek additional continuances without Defendant's consent. Defendant points to no evidence of conflict after the hearing.

The facts did not evidence an irreconcilable conflict. As the district court found, the primary concern Defendant expressed at the hearing was for his trial to proceed more quickly, and appointment of new counsel would have resulted in additional delay. Cf. United States v. Nguyen, 262 F.3d 998, 1004 (9th Cir. 2001) (finding a complete breakdown in communication where, by the time of trial, the defendant would not speak to defense counsel). In this case, the district court

3

conducted a reasonable inquiry, allowing Defendant to express his concerns at an ex parte hearing, and confirmed with counsel that those concerns were being addressed. The district court did not err in denying the motion to substitute.

Second, Defendant argues that he was denied effective assistance of counsel at trial, because in his opening statement defense counsel promised evidence that he did not present. Ineffective assistance of counsel claims are rarely appropriate on direct appeal and may be reviewed "only in the unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Rahman, 642 F.3d 1257, 1260 (9th Cir. 2011). Neither exception is met here.

Finally, Defendant argues that the prosecutor committed constitutional error in his closing statement by placing the burden of proof on Defendant. Allegations of prosecutorial misconduct raised for the first time on appeal are reviewed for plain error. United States v. Tam, 240 F.3d 797, 804 (9th Cir. 2001); United States v. Cabrera, 201 F.3d 1243, 1246 (9th Cir. 2000). Improper comment warrants reversal only if it appears that the comment may have affected the verdict. Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir. 1987).

In response to the defense's argument that, although Defendant had the victim's keys and other items in his pocket, the government had not proved how the evidence had gotten there, the prosecutor stated:

> They have no, no explanation whatsoever for those items being in the pocket. Nothing, other than we don't know how it got there. Who knows how it got there? That's also not how you decide a case. The . . . evidence is what's brought into the courtroom. Not guesswork about, well, how could this maybe have happened . . . .

A prosecutor may not comment on a defendant's failure to testify. Griffin v. California, 380 U.S. 609, 615 (1965). However, we have "maintained a distinction between comments about the lack of explanation provided by the *defense*, and comments about the lack of explanation furnished by the *defendant*." United States v. Mayans, 17 F.3d 1174, 1185 (9th Cir. 1994). A prosecutor may comment on the defense's failures, so long as the comment is not "manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." Lincoln, 807 F.2d at 809.

Where "the defendant is the only witness who could rebut or negate the government witness's testimony, prosecutorial comment suggesting that the jury should have heard more testimony" can be improper. Id. at 810 (internal quotation

5

marks omitted); <u>see also</u> <u>id.</u> at 809 n. 1 (finding error where the prosecutor made multiple references to the "only . . . person who can tell us," and the "only . . . other person who can testify" (internal quotation marks and emphases omitted)). On the other hand, general comments, which do not "single out the defendant from his case in general," are not improper. <u>Mayans</u>, 17 F.3d at 1185-86.

The prosecutor's comment here was a general comment on the evidence. <u>See</u> <u>United States v. Rodriguez-Preciado</u>, 399 F.3d 1118, 1132 (9th Cir.), <u>amended by</u> 416 F.3d 939 (9th Cir. 2005) (finding that the prosecutor did not make an improper comment by stating, "the defendant has not addressed what's really going on here" and "[h]e never did give you an explanation for what's really going on"). There was no plain error.

**AFFIRMED.**