NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10020 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00142-LJO-SKO-2 |
| v. | |
| TOBIAS SOTO-MELCHOR, AKA Tobias S. Melchor, AKA Tobias Soto Melchor, AKA Tobias Soto, AKA Tobias Melchor Soto, AKA Tovia Soto, AKA Tobias Soto Melchor, AKA Tobias Sotomelchor, AKA Soto Tobias, AKA Melchor Tobias Soto, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted June 17, 2021
San Francisco, California

Before: SCHROEDER, M. SMITH, and VANDYKE, Circuit Judges.

A jury convicted Defendant-Appellant Tobias Soto-Melchor of three counts

related to the distribution of methamphetamine. Before trial, Soto-Melchor

requested to substitute his appointed counsel with a new lawyer that he would retain.

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court denied his requests, which Soto-Melchor appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We **AFFIRM** the decision of the district court.

"The [d]istrict [c]ourt's denial of [a defendant's] request can be analyzed either as the denial of a continuance or as the denial of a motion to substitute counsel. A [d]istrict [c]ourt's primary reasons for not allowing a defendant new counsel may determine which analysis to apply." *United States v. Nguyen*, 262 F.3d 998, 1001– 02 (9th Cir. 2001). Like in *Nguyen*, "[w]hile no formal motion for a continuance was made" by Soto-Melchor, the district court relied on a finding that a continuance would be required if it granted Soto-Melchor's motion for substitution. *Id.* at 1002. "Therefore, we will consider the denial under both standards." *Id.*

"We review the denial of a motion for a continuance for abuse of discretion." *United States v. Turner*, 897 F.3d 1084, 1101 (9th Cir. 2018).

> Where a denial of a continuance implicates a defendant's Sixth Amendment right to counsel, we consider the following factors: (1) whether the continuance would inconvenience witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant.

*Id.* at 1102 (internal quotation marks omitted).

Applying these factors, we hold that the district court did not abuse its

discretion in refusing to grant a continuance. First, the district court determined that the court would not be able to schedule a new trial date for Soto-Melchor, at least in part because of the heavy caseload in the Eastern District of California. Second, the district court had already granted two continuances. Third, legitimate reasons did not exist for the delay because, as Soto-Melchor explained to the court, his disagreements with his attorney pertained to his attorney's accurate description of a plea deal offered by the Government and false accusations that his attorney was bolstering a co-defendant at Soto-Melchor's expense. Fourth, and similarly, any delay would have been the fault of Soto-Melchor, as Soto-Melchor's reasons for requesting a new attorney were based on unreasonable or unjustified disagreements with his appointed counsel. Fifth, the denial of the continuance did not prejudice Soto-Melchor, as the Government's plea offer remained available, and Soto-Melchor's appointed counsel did not indicate that he was unprepared to go to trial on the original trial date. *See id.* Therefore, the district court did not abuse its discretion in denying Soto-Melchor's request to substitute counsel as a motion for a continuance.

Reviewing Soto-Melchor's request as a motion for substitution, we again apply an abuse of discretion standard of review. *See United States v. Reyes-Bosque*, 596 F.3d 1017, 1033 (9th Cir. 2010). "In general, a defendant who can afford to hire counsel may have the counsel of his choice unless a contrary result is compelled by

3

purposes inherent in the fair, efficient and orderly administration of justice." *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010) (internal quotation marks omitted). However, a district court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (citations omitted). Therefore, when "the substitution would cause significant delay," *Rivera-Corona*, 618 F.3d at 979, we apply a three-part framework, *see United States v. Torres-Rodriguez*, 930 F.2d 1375, 1380 & n.2 (9th Cir. 1991), *overruled on other grounds by Bailey v. United States*, 516 U.S. 137 (1995); *Rivera-Corona*, 618 F.3d at 980. "[W]e consider (1) the timeliness of the substitution motion and the extent of resulting inconvenience or delay; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it prevented an adequate defense." *Rivera-Corona*, 618 F.3d at 978 (citing *United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009)).

Soto-Melchor's first request to substitute counsel occurred only four weeks before trial, and the district court determined that a significant continuance would have been necessary because: (1) Soto-Melchor did not have an attorney who would be prepared in time for the set trial date; and (2) the district court would not be able to set a new trial date in the near future. Even attorneys who were contacted by Soto-

4

Melchor expressed reservation about the ability to proceed to trial on the appointed date. Next, the district court's inquiry was extensive. That court held two ex parte hearings and "asked specific follow-up questions to determine the extent of the conflict." *Reyes-Bosque*, 596 F.3d at 1034. Finally, the conflict between Soto-Melchor and his appointed counsel was not "so great that it prevented an adequate defense." *Rivera-Corona*, 618 F.3d at 978. The record indicates that Soto-Melchor and his attorney continued to communicate. *Cf. United States v. Moore*, 159 F.3d 1154, 1159–60 (9th Cir. 1998) (describing relationships where attorneys and their clients refused to speak to each other and threatened each other). Soto-Melchor's conflict with his appointed counsel "appears to [have] arise[n] out of general unreasonableness or manufactured discontent." *United States v. Smith*, 282 F.3d 758, 764 (9th Cir. 2002) (internal quotation marks omitted). As described above, Soto-Melchor came to distrust his attorney only because that attorney was accurately describing the possible punishment pursuant to the Government's offer of a plea deal. Evaluating these three factors, we conclude that the district court did not abuse its discretion in denying Soto-Melchor's request to substitute counsel.

**AFFIRMED.**